UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-460-MOC-WCM

| MARY I. BELL CORBETT, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NOOSA PEST MANAGEMENT, LLC, | ) | **ORDER** |
| SEDGWICK CLAIMS | ) | |
| MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss (Doc. No. 25) filed by Defendants Noosa Pest Management, LLC (hereinafter "Noosa") and Sedgwick Claims Management Services, Inc. (hereinafter "Sedgwick") (collectively "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) (no subject matter jurisdiction), 12(b)(2) (no personal jurisdiction), 12(b)(4) (insufficient process), 12(b)(5) (insufficient service), and 12(b)(6) (failure to state a claim). Alternatively, Defendants move for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

I.     **BACKGROUND**

    A.     **Procedural Background**

Pro se Plaintiff Mary Corbett filed this action against Defendants Noosa Pest Management, LLC and Sedgwick Management Services, Inc. on September 6, 2022. (Doc. No. 1). Defendants timely filed an Answer (Doc. No. 3) and Amended Answer (Doc. No. 7) denying liability and raising affirmative defenses under FED. R. CIV. P. 12(b)(1), (b)(2), (b)(4), (b)(5), and

1

(b)(6). At Plaintiff's request, this matter was referred to the Pro Se Settlement Assistance Program. (Doc. No. 13, p. 2); see also (Doc. No. 14). The parties designated a mediator and set a mediation date of April 20, 2023. (Doc. No. 18). Plaintiff's court-appointed counsel subsequently withdrew due to Ms. Corbett's failure to comply with the Court's mediation Order. (Id.).

Unable to reach Plaintiff and schedule mediation, Defendants filed a Motion to Waive Mediation and Reopen Litigation. (Doc. No. 19). The Court granted Defendants' Motion on May 11, 2023. After Defendants' efforts to schedule the required Pretrial Conference failed, Defendants timely submitted a Pretrial Order and Case Management Plan. (Doc. No. 21, 21-1, 22). Defendants filed the pending motion to dismiss on October 17, 2023. Plaintiff filed a response on November 1, 2023. This matter is now ripe for disposition.

    **B.**     **Plaintiff's Factual Allegations**

Plaintiff's handwritten Complaint is partially illegible. Forecasting evidence in the light most favorable to the non-moving pro se Plaintiff, the Court finds that Plaintiff's Complaint alleges the following facts. (Doc. No. 1). First, in her form Complaint, Plaintiff asserts this Court's subject matter jurisdiction arises under federal law pursuant to 28 U.S.C. § 1331. But Plaintiff cites no federal law under which this case could arise. Plaintiff's jurisdictional statement alleges only that she "was denied willfully accident report papers for almost three years." (Id. at 3).

Next, Plaintiff complains that a Noosa employee accidentally sprayed her with insecticide in 2019 and that she subsequently fell ill. Plaintiff alleges "on September 6, 2019 Noosa was in [her] apartment" and "the machine broke and sprayed [her] whole body all over [her] face and [clothes] …." (Id. at 5). She alleges that she was "under doctor care until June 2020 and now

2

cancer as of 2022, [her] limbs (knees and shoulders)." (Id.). Plaintiff states her cause of action is "claiming false statement that the chemicals used were water-based" and that Noosa refused to give her an accident report or insurance. (Id.).

The Complaint states that "9 months [her] lymph [indecipherable] was under doctor care and pain," and references her face, lip, and (so far as the Court can discern) "cancer" in the same sentence. (Id.). Plaintiff requests the Court "give [her] time to find an attorney or show Court all medical fact," as "all [her] attorney[s] drop [her] case." (Id. at 5–6).

Under the portion of the Complaint labeled "relief," Plaintiff states, "Medicaid or Humana has not paid [her] bills for September 6, 2019, for pain, suffering, not being responsible for Noosa neglect," and finally states "this is 3 years I'm asking for $80,000 plus." (Id. at 6).

Plaintiff failed to effectuate proper service against either Defendant, as she did not serve Defendants' registered agents at the correct addresses. According to the Summons (Doc. No. 2, pp. 1–4) Plaintiff failed to serve Sedgwick's registered agent at its proper registered North Carolina address,[1] and instead served "Sedgwick Claim Management Service" at P.O. Box 14512, Lexington, KY 40512. (Doc. No. 2, pp 1, 3–4); but see (Defs. Ex. 1). Plaintiff also incorrectly named Defendant Sedgwick: Defendant's legal name is not "Sedgwick Claim Management Service," the name Plaintiff has used in this suit.

The September 6th Summons lists two addresses for Defendant Noosa: "2764 Pleasant Rd., Fort Mill, SC, 29708," and "6916 Rea Croft Dr., Charlotte, NC 20226." (Id. at 1).

---

[1] A court may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

While the Rea Croft Drive address is Noosa's registered mailing address, Plaintiff never actually served Defendant Noosa there. Instead, Plaintiff sent the Summons, without the Complaint attached, to Noosa's South Carolina address on two separate occasions. (Defs. Ex. 2); (Defs. Ex. 3).[2]

There is no Proof of Service in the record as to either Defendant. Plaintiff left the Proof of Service portion of both Summonses blank, and otherwise failed to file an Affidavit of Service with this Court. (Doc. No. 2, pp. 2, 4); see also (Ex. 3).

## II. STANDARDS OF REVIEW

Defendants move for dismissal pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) and alternatively for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).

A. Rule 12(b)(1) Standard

Plaintiff bears the burden to establish subject matter jurisdiction. Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Subject matter jurisdiction is a threshold issue the Court must address before reaching the merits. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (quotation omitted); see also Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 506–07 (4th

---

[2] "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Cir. 2015). "A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Adams, 697 F.2d at 1219.

B. Rule 12(b)(2) Standard

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden to establish proper process and service thereof. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). A summons must be properly issued and served before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

C. Rules 12(b)(4) and (12)(b)(5) Standard

Plaintiff must satisfy the procedural requirement of service of summons before the Court can exercise personal jurisdiction. Omni Capital Int'l, Ltd., 484 U.S. at 104; see also ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 620 (4th Cir. 1997) ( "[A] federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." Id. A Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. See FED. R. CIV. P. 12(b)(4), (b)(5); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Facing a challenge to sufficiency of process or service of process, Plaintiff bears the

burden to establish that process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (internal citation omitted); Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

In determining whether Plaintiff has satisfied her burden, the Court must construe the technical requirements liberally "as long as the defendant had actual notice of the pending suit." Id. "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, 733 F.2d 1087, 1089 (4th Cir. 1984).

D. Rule 12(b)(6) and Rule 12(c) Standards

A motion for judgment on the pleadings is analyzed under the same standard applied to a 12(b)(6) motion to dismiss for failure to state a claim. Burbach Broadcasting Co. of Delaware v. Elkins Radio, 278 F.3d 401, 405 (4th Cir. 2002). A 12(b)(6) motion tests whether the complaint is legally and factually sufficient. See FED. R. CIV. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Id. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

6

While the Court may construe Plaintiff's complaint liberally because she is pro se, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369–70 (4th Cir. 2001).

"A plaintiff's right to relief necessarily depends on a question of federal law when 'it appears that some ... disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (citing Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust, 463 U.S. 1, 13 (1983); see also 28 U.S.C. § 1447(c). "[I]f the plaintiff can support [her] claim with even one theory that does not call for an interpretation of federal law, [her] claim does not 'arise under' federal law for purposes of § 1331." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). In making this assessment, the Court must determine whether Plaintiff's Complaint falls within the narrow class of "cases in which a well-pleaded complaint establishes ... that the plaintiff's right to relief

7

necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded ... claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988).

Here, Plaintiff alleges her Complaint presents a federal question for this Court's consideration. (Doc. No. 1, pp. 1, 4). On its face, however, the Complaint does not present any question arising under federal law, but merely makes a claim that Plaintiff was denied an accident report by one or both Defendants, whom she also contends made a "false statement." (Id. at 4, 5). Even construing Plaintiff's allegations to state a cognizable cause of action, it appears that, at most, Plaintiff alleges fraud or negligence, neither of which turn on a question of federal law. Plaintiff's Complaint fails to state a claim implicating this Court's federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff's Complaint likewise contains no allegations sufficient to show that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. The Complaint makes no allegations regarding Defendants' citizenship at all, but merely lists their purported registered addresses at the top of the Complaint. As a matter of law, merely listing addresses is insufficient to properly establish diversity jurisdiction. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998) (holding that "[a]n examination of the pleadings and record, however, revealed to counsel and this court that [plaintiff] had not only failed to plead diversity jurisdiction, but that it had also failed to plead facts from which the existence of such jurisdiction could properly be inferred."); see also Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 828 (1989); Realty Holding Co. v. Donaldson, 268 U.S. 398, 399 (1925); Shaw v. Quincy Mining Co., 145 U.S. 444, 447 (1892).

Neither can this Court exercise personal jurisdiction over Defendants. Without issuance

8

of process or service of process, there is no Rule 12(b)(2) personal jurisdiction over a defendant. A party may seek dismissal under Rule 12 for insufficient service of process. See FED. R. CIV. P. 12(b)(5). Such motions challenge "the mode of delivery or lack of delivery of the summons and complaint." 5B Wright & Miller, Federal Practice and Procedure § 1353 (3d ed.). A challenge to personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure is a question of law, and the plaintiff bears the ultimate burden to show jurisdiction. See Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016); Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003).

FED. R. CIV. P. 4(h) states the means by which process may be served upon corporations, and incorporates the methods permitted by North Carolina state law under N.C. R. Civ. P. 4(j). Rule 4(h) states that a corporation may be properly served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

FED. R. CIV. P. 4(h).

> Likewise, Rule 4(e) provides the following manners in which to serve an individual:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual

9

personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to

receive service of process.

FED. R. CIV. P. 4(h).

Under North Carolina law, service may be made upon a "natural person" as follows:

a. By delivering a copy of the summons and of the complaint to the natural person

or by leaving copies thereof at the defendant's dwelling house or usual place

of abode with some person of suitable age and discretion then residing therein.

b. By delivering a copy of the summons and of the complaint to an agent

authorized by appointment or by law to be served or to accept service of

process or by serving process upon such agent or the party in a manner

specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified

mail, return receipt requested, addressed to the party to be served, and

delivering to the addressee.

d. By depositing with a designated delivery service authorized pursuant to 26

U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the

party to be served, delivering to the addressee, and obtaining a delivery receipt.

...

e. By mailing a copy of the summons and of the complaint by signature

10

confirmation as provided by the United States Postal Service, addressed to the

party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

Plaintiff bears the burden to establish the issuance and service of process was proper in accordance with Rule 4. <u>Plant Genetic Sys., N.V. v. Ciba Seeds</u>, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Here, Plaintiff failed to properly serve either Defendant pursuant to either Fed. R. Civ. P. 4 or N.C. R. Civ. P. 4(j)(1). As the Summonses in the record plainly illustrate, Plaintiff failed to serve Defendant Sedgwick's registered agent at its registered North Carolina address, but instead, served "Sedgwick Claim Management Service" at P.O. Box 14512, Lexington, KY 40512. (Doc. No. 2, p. 1). This is facially inadequate under Fed. R. Civ. P. 4 as Plaintiff named Defendant Sedgwick incorrectly in the Summons, and otherwise failed to serve Sedgewick's registered agent at its properly registered address for North Carolina. Accordingly, service on Defendant Sedgwick is improper.

Plaintiff likewise failed to properly serve Defendant Noosa, as Plaintiff only attempted service upon Defendant Noosa by mailing a copy of the Summons, without the Complaint, to an address other than Noosa's registered address, and not addressed to Noosa's registered agent. (Doc. No. 2, p. 1; Ex. 3). Neither Noosa's registered agent nor any other authorized Noosa agent or employee ever signed for the Summons. (Ex. 3).

Plaintiff further failed to file Affidavits of Service and left the Proof of Service portions for both Summonses blank. (Doc. No. 2, pp. 2, 4). There is no evidence a Summons was ever addressed to Defendant Noosa's registered agent at the proper registered address, and no Summons and Complaint were personally delivered to Defendant Noosa or an authorized agent thereof. (Ex. 3).

11

The Court finds that this action is subject to dismissal due to lack of subject matter jurisdiction and personal jurisdiction. However, because Plaintiff is proceeding pro se, the Court will grant one opportunity to amend her Complaint to clarify her claims.[3]

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is denied, and the Court will grant Plaintiff one opportunity to amend her Complaint to clarify her claims and assert how this Court has subject matter jurisdiction over this case.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 25), is **DENIED**. Plaintiff shall have 20 days from entry of this Order to amend her Complaint. If Plaintiff fails to do so, the Court will dismiss this action based on the Court's analysis in this Order and without further notice to Plaintiff.

Signed: December 4, 2023

Max O. Cogburn Jr
United States District Judge

---

[3] Defendants contend that allowing an amendment would be futile because Plaintiff's claims, sounding in fraud or negligence, are time-barred. Defendants may re-assert this argument if Plaintiff amends her Complaint.