UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-460-MOC

| | |
|---|---|
| MARY BELL CORBETT, | ) |
| | ) |
| Plaintiff, pro se, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NOOSA PEST MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on a Motion to Dismiss, filed by Noosa Pest Management, LLC ("Noosa").[1] (Doc. No. 46). Pro se Plaintiff Mary Bell Corbett ("Plaintiff") filed a response on September 13, 2024, (Doc. No. 48), and Defendant filed a reply on September 19, 2024. (Doc. No. 49). This matter is now ripe for disposition.

I. Background

A. Procedural History

Plaintiff, proceeding pro se, filed her Original Complaint on September 6, 2022, asserting claims against Noosa and Sedgwick. (Doc. No. 1). Defendants answered, denying liability, and asserting affirmative defenses pursuant to FED. R. CIV. P. 12(b)(1), (b)(2), (b)(4), (b)(5), and (b)(6). (Doc. Nos. 3, 7). Defendants moved to dismiss the Original Complaint on October 17,

---

[1] Though Plaintiff included claims against Sedgwick Claims Management Services, Inc. ("Sedgwick") in her Original Complaint, she (1) filed a pleading stating a desire to drop Sedgwick from the case, (Doc. No. 32), and (2) did not mention Sedgwick at any point in the Second Amended Complaint. (Doc. No. 43). Because the Second Amended Complaint supersedes previous complaints, the Court finds that there is only one Defendant in this case—Noosa. See Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (explaining that, as a general rule, an amended pleading supersedes the original and renders it of no legal effect).

2023. (Doc. No. 25). On December 4, 2023, this Court denied Defendants' motion to dismiss and granted Plaintiff leave to amend her complaint to "clarify her claim and assert how this Court has subject matter jurisdiction over this case." (Doc. No. 29, p. 12). On January 11, 2024, Plaintiff filed an Amended Complaint, in which she did not add additional claims or allegations but sought to drop Sedgwick from the dispute. (Doc. No. 32). Defendants moved to dismiss Plaintiff's Amended Complaint.[2] (Doc. No. 33). Plaintiff then retained counsel, filed an opposition to Defendants' motion to dismiss, and moved to amend the complaint a second time. (Doc. Nos. 37, 38). The Court granted Plaintiff to leave to amend her complaint, and Plaintiff filed a Second Amended Complaint on June 12, 2024. (Doc. No. 43). Defendant once again moved to dismiss. (Doc. No. 46). Plaintiff moved for an extension of time to obtain counsel, which was granted. (Doc. No. 50). Plaintiff moved for, and was granted, an additional extension of time to retain counsel on December 27, 2024, and the deadline was set to January 10, 2025. (Doc. No. 52). That deadline has passed, and the Court will now consider Defendant's motion to dismiss Plaintiff's Second Amended Complaint.

### B. Plaintiff's Allegations

In assessing Defendants' motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court presumes that the following factual allegations in Plaintiff's Second Amended Complaint are true:

The claims at issue arise from Defendant's provision of pest control services at Plaintiff's residence. In 2019, Defendant was hired by the elderly community Plaintiff lives in to perform pest control services. (Doc. No. 43 ¶ 8). While providing those services, Defendant "sprayed

---

[2] That motion to dismiss was denied as moot following the filing of a Second Amended Complaint and corresponding motion to dismiss. (Doc. No. 47).

chemical pesticides onto Plaintiff's skin" and otherwise caused chemical pesticides to contact Plaintiff's body—specifically, her face, legs, and clothes. (Id. ¶¶ 11, 16). Defendant had faulty machinery and failed to properly maintain their machinery for administering chemical pesticides. (Id. ¶¶ 13–14). Plaintiff suffered injuries from the pesticides. (Id. ¶ 18). In 2022, Defendant once again entered Plaintiff's residence without Plaintiff's consent and sprayed more chemical pesticides. (Id. ¶ 24).

Plaintiff claims Defendant's actions amount to common law negligence, and that she is entitled to both compensatory and punitive damages.[3] Defendant moved to dismiss on the grounds that (1) Plaintiff did not properly serve Defendant with process and therefore the Court lacks personal jurisdiction under FED. R. CIV. P. 12(b)(2), 12(b)(4), and 12(b)(5); and (2) Plaintiff failed to state a claim for negligence under FED. R. CIV. P. 12(b)(6).

**II.  Legal Standard**

**A. Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and proper service of process. Mylan Lab'ys., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued properly and served before a federal court may exercise personal jurisdiction over a defendant. Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

**B. Rules 12(b)(4) and 12(b)(5)**

---

[3] In the Second Amended Complaint, Plaintiff alleged that this Court has subject matter jurisdiction by virtue of diversity of citizenship under 28 U.S.C. § 1332.

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. See FED. R. CIV. P. 12(b)(4), (b)(5). Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (internal citation omitted); Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003). In determining whether Plaintiff has satisfied her burden, the Court must construe the technical requirements liberally "as long as the defendant had actual notice of the pending suit." Elkins, 213 F.R.D at 276 (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963)). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, 733 F.2d 1087, 1089.

### C. Rule 12(b)(6)

Under FED. R. CIV. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). That said, to survive Defendants' 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a right to relief above the

speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Instead, a complaint survives only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Furthermore, while the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. Discussion

This Court lacks personal jurisdiction over the Defendant and Plaintiff's claims will be dismissed. The methods by which process may be served on corporations appear in FED. R. CIV. P. 4(h), incorporating the methods permitted by North Carolina state law as contained in N.C. R. CIV. P. 4(j). Rule 4(h) states that a corporation may be properly served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual;[4] or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

---

[4] The Court will not list the various ways in which an individual can be served with process under N.C. R. CIV. P. 4(j)(1). There is no contention by Plaintiff, nor evidence in the record, that Defendant was served in a manner allowed by that Rule.

See Fed. R. Civ. P. 4; N.C. R. Civ. P. 4.

Because Plaintiff has failed to properly serve Defendant with process, this Court lacks personal jurisdiction over Defendant. Despite denying Defendant's first Motion to Dismiss, this Court made clear that Plaintiff had not properly served Defendants and explicitly stated that "this action is subject to dismissal due to lack of subject matter jurisdiction and personal jurisdiction." (Doc. No. 29, p. 11) (emphasis added). With respect to the remaining Defendant, Noosa, this Court explained that Plaintiff's service had been deficient in several ways: (1) it did not include a copy of the Complaint with the mailed Summons as required by North Carolina law, (2) it was not sent to Defendant's registered address nor was it addressed to Defendant's registered agent; and (3) the summons was not signed by a registered or otherwise authorized agent. (Id.). This Court granted Plaintiff one opportunity to amend her Complaint because she was proceeding pro se. (Id. at 12).[5]

Plaintiff bears the burden to establish the issuance and service of process was proper in accordance with Rule 4. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). There is no Summons on the record for the Second Amended Complaint, and none of the deficiencies explained in this Court's previous order have been addressed. Thus, the requirements of Fed. R. Civ. P. 12(b)(4) and 12(b)(5) have not been met, this Court does not have personal jurisdiction over Defendant, and the claims will be dismissed.[6]

IV. CONCLUSION

For the above reasons, the Court will grant Defendant's Motion to Dismiss.

---

[5] Since then, Plaintiff obtained counsel, (Doc. No. 36), before filing the Second Amended Complaint. Though Plaintiff is no longer counseled, she had an opportunity, while counseled, to correct these errors.

[6] Because the Court will dismiss the case for lack of personal jurisdiction, it does not reach the question of whether Plaintiff stated a claim under Fed. R. Civ. P. 12(b)(6).

**ORDER**

**IT IS, THEREFORE, ORDERED,** that Defendant's Motion to Dismiss, (Doc. No. 46), is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED** with prejudice.

Furthermore, Defendant's Motion for Pretrial Conference, (Doc. No. 53), shall be **TERMINATED** as **MOOT**.

Signed: February 11, 2025

Max O. Cogburn Jr
United States District Judge